ELLIS, Judge.
Plaintiff sued the defendant insurer, alleging at the time of a wind-storm loss of September 19, 1947 the Insurance Company had issued its policy in favor of plaintiff in the sum of $1,500, and that while the policy was in force and effect the windstorm caused damage to his insured dwelling in excess of the limitation of the policy. The amount sued for was $1,500, plus 12 per centum penalties and 20 per centum attorneys fees. The claim for penalties and attorneys fees was based upon Act 168 of 1908.
The defendant offered three alternative defenses. First, that no policy of insurance had been issued, as there was a complete failure of consideration. Second, that if the policy was valid in its inception it had been cancelled before the loss. Third, that the amount claimed was excessive.
The District Court, without written reasons, rendered judgment in favor of the defendant, rejecting plaintiff’s demands at his cost. From this judgment the plaintiff has appealed.
Considering the plaintiff’s claim for penalties and attorneys fees, we note this same contention was urged in Hayward v. Carolina Insurance Co., La.App., 51 So.2d 405. There damages were suffered by the same wind-storm which caused the damages to plaintiff herein. We concluded the Statute in effect at the time of the loss, Act 168 of 1908, Sec. 3, cannot be interpreted to include damage by wind-storm.
As we view this case, the transaction was a cash transaction. It is not disputed that the policy involved was a renewal one. *268 The insurance agency wrote the renewal policy on June 10, 1947, and immediately mailed the policy to plaintiff together with a bill for the premium. The plaintiff received the policy and bill on June 11, 1947, and he, in turn, on the same day issued his check on his bank at Hammond, Louisiana, for the amount called for by the bill. The insurance agency deposited the check in the Ponchatoula Bank for credit on June 19, 1947. The check was returned by the Ponchatoula Bank to the insurance agency on June 23, 1947, with the endorsement thereon, “Payment stopped”. The evidence discloses that the insurance agency notified the plaintiff of the return of the check several times, and not hearing from the plaintiff the insurance agency, on July 15, 1947, wrote to plaintiff as follows: “Please return to us by return mail Policy #1500 Michigan Fire & Marine 6-10-47 to 6-10-48. We received your check back covering this premium so we presumed you did not want this policy.” This letter was received by the plaintiff.
 The presumption is that the payment of the check was stopped upon order or request of the plaintiff. It is reasonable to assume this, in that banks do not fail to cash a check properly executed unless the drawer so' requests. Plaintiff seeks to offset this presumption in that -at that time he was in marital trouble. -Yét he failed to show that the bank had been served with any court order prohibiting it to honor any of plaintiff’s checks drawn against his account. Furthermore, he testified that, this is the only check, out of many, that he had outstanding at that time, that was not honored by the bank and returned to the payee. He has failed to rebut this presumption that he ordered the “Payment stopped”.
The plaintiff offered a presumed carbon copy of a letter of date of July 19, 1947 in which it is stated that it was in reply to the insurance agency’s letter of July 15, 1947 and advising that he refused to return the policy. The agency denied ever receiving this letter. We doubt that such a letter was written on the purported date and that the.original was ever mailed to the agency. To begin with, it appears to have been written on a scratch pad and in pencil. The year “47” seems to have been erased. Under a magnifying glass the “7” in “47” seems to* have been originally a “9”; this “9” seems to be identical with the “9” as in “19”. In otherwords, this letter appears to have been written in 1949. rather than in 1947, and after the loss had occurred. .,
The controlling question is not who has the actual possession of the policy but who has the right of possession. Since the plaintiff failed to pay the premium prior to the loss there was no contract of insurance existing between plaintiff and defendant at the time of loss, a prerequisite to recovery.
It is therefore ordered that the judgment of the District Court be affirmed. ,